AUGUST EICKELBERG AND OTHERS, RESPONDENTS v. THE BOARD OF HEALTH OF THE TOWN OF NEWTOWN, APPELLANT.

*Board of health — power of, to issue burial or transit permits — a transit permit authorizes the transportation and burial of the body in any county — 1885, chap. 270, sec. 3, sub. 5.*

The defendant, the Board of Health of Newtown, claiming that it possessed the power to prevent burials in the cemeteries of the town, in any case where the body was brought from New York or Brooklyn, unless a permit was obtained from it authorizing the burial, refused to permit the burial of bodies coming from these places, even if accompanied by a transit permit issued by the board of health of the city where the death occurred.

*Held*, that where a burial or transit permit has been procured from a board of health of the place where the death occurred, the body may be buried in the county or transported and buried out of the county where the death occurs, without further ceremony or permission.

That the plaintiffs, undertakers residing in the city of New York, who brought this action in their own behalf and in behalf of all other undertakers of New York and Brooklyn who might come in, to restrain the defendant from requiring such additional permits to be taken out, and from issuing the same, were entitled to the relief sought.

APPEAL from an injunction order made at the Kings County Special Term, restraining the defendant from requiring permits for the burial in the town of Newtown of bodies brought from New York and Brooklyn, although accompanied by a transit permit issued by the board of health of the said city.

The plaintiffs are undertakers residing in the city of New York, and the action is brought by them in their own behalf, and in behalf of all other undertakers of New York and Brooklyn who may come into this action.

The defendant is the board of health of the town of Newtown, Queens county, and is organized under chapter 270 of the laws of 1885.

The defendant claims that it possesses the power to prevent burials in the cemeteries of the town of Newtown in any case where the body is brought from New York or Brooklyn, unless a permit is obtained from it authorizing the burial, although the body

is accompanied by a transit permit issued by the board of health of those cities.

And the defendant in pursuance of such claim, has since about the 1st of January, 1886, required the plaintiffs and all other undertakers of New York and Brooklyn, bringing bodies from those cities to Newtown for burial, to take out such additional permits in every case, and to pay for it a fee of one dollar or one dollar and ten cents, although transit permits had been duly issued.

The object of this action is to permanently restrain the defendant from requiring such additional permits to be taken out and from issuing the same, and from interfering with burials, and from charging or receiving any fee in any case conducted by the plaintiffs, or any undertaker who may come in and contribute to the expense of this action, where the body is taken from New York or Brooklyn to Newtown for burial, and is accompanied by a transit permit.

The order appealed from restrains the defendant as aforesaid, during the pendency of the action.

*William E. Slocum,* and *Merrit E. Sawyer,* for the appellant.

*Merrit & Terry,* for the respondents.

DYKMAN, J.:

It is the duty of the boards of health organized in this State to designate the persons who shall grant burial permits for the burial of the dead, and transit permits for the transportation of dead bodies of persons which are to be carried for burial beyond the limits of the county where the death occurs; and it is the duty of the undertaker or other person having charge of the body of any dead person to procure a record of the death and its probable cause, duly certified by the physician in attendance on the deceased during his last illness, or by the coroner where an inquest is required by law; and there shall be no burial nor removal of the body of any dead person until such duly certified record shall have been presented to the board of health or a person designated by them, and until thereupon a permit for burial or transit shall have been obtained. (Chapter 270 Laws of 1885, sec. 3, sub. 5).

The foregoing is a substantial extract from the statute, and it comprehends every preliminary requisite to be observed in the

burial of the dead body of any human being in this State. The boards of health must designate persons who shall grant permits for the burial of the dead and transit permits. If the body is to be buried in the county where the death occurs, a permit for the burial is alone sufficient. If the body is to be carried beyond the limits of the county where the death occurs, for burial, then a transit permit for the transportation of the body beyond such limits must be obtained. These permits are both granted upon the certificate of the physician in attendance on the deceased during his last illness or of the coroner where an inquest is required to be held, and there can be no burial or removal of the body of any dead person until such duly certified record has been presented and a permit for burial or transit, as the case may require, has been obtained; and as those are the only requirements of the statute, when either of such permits have been procured the body may be buried in the county or transported and buried out of the county where the death occurs, without further ceremony or permission. The power and authority bestowed and the duty imposed upon boards of health by subdivision 3 of the same section 3, to guard against the introduction of contagious and infectious diseases by the exercise of proper and vigilant medical inspection, has no reference to the burial of the dead especially. The provision relates to all modes by which infectious or contagious diseases might be introduced, but it clothes such boards with no power to arrest the burial of a dead body where a proper permit has been obtained under the provisions of subdivision 5.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.